Good morning. Illinois Appellate Court First District Court is now in session in the Fourth Division. The Honorable Justice Robert E. Gordon presiding. Case number 1-7-1-2-1-0, People v. Jerry Payne. Okay, would the lawyers who are going to argue the case please introduce yourself to the court. My name is Allison Shaw with the Office of the State Appellate Defender. I represent Jerry Payne. Good morning, Your Honors. My name is Zachary Slavens and I represent the people of the state of Illinois. Okay, you're coming in kind of, Zach, you're coming in kind of very soft. Sorry about that, Your Honor. I'll see if I can do something about that. Can you get closer to a microphone or something like that? Can increase your volume, sir. Okay. All right. Well, let's let me ask the defense. Are you going to reserve some time for rebuttal? Yes, if it's necessary. About how long? Um. Want to take two minutes for rebuttal? Yeah, sure. Two minutes. Okay. All right. Let's proceed. May it please the court. This should have been a straightforward trial on whether Jerry Payne knew the car he was driving had been stolen. However, before the trial even began, the state sought to admit prejudicial other crimes evidence. Payne's statement that he was waiting for a friend who was purchasing crack cocaine. This portion of Payne's statement was completely irrelevant to proving whether or not he knew the car was stolen. The state did not need this portion of the statement. It could easily have been left out. Significantly, Officer Hayden did not testify to the state to Payne's statement verbatim. She gave a summary of what he said, making it all the more unnecessary for this portion of the statement to have been included. The state's argument, both at the motion in limine and on appeal, shows their recognition that all they needed to corroborate Payne's alleged statement was the part that involved circling the block, not the part that involved the purchase of narcotics. Moreover, the reference to the purchase of narcotics was not minor or insignificant. The state's own argument shows that it was not, as it became a key part of their closing argument, making multiple references to purchasing crack. Moreover, both Hayden and Officer DeAngelo testified to this portion of the statement that he was waiting for a friend who was buying drugs. Additionally, the jury was not instructed properly on this. Illinois courts have made clear that the generic pattern instruction that arguments are not evidence is not sufficient to cure this error. There needed to have been a sustained objection, a specific instruction to the jury, and the giving of pattern instruction 1.03. This was not just a single isolated comment, but was pervasive, and therefore the sustained objection was not enough. Counsel, with regards to jury instruction, what about the state's argument that you actually, or your client actually, forfeited that issue? Our defense counsel's actions did not waive the underlying error. Significantly, this error was not defense counsel's to cure. The error was on the court and the prosecution. Defense counsel, from before trial even started, was attempting to keep this part of the statement out from the jury from hearing it. And once she knew that it was coming in, did as best she could to minimize the prejudicial impact that it had. When she objected to the pattern instruction that was offered by the state, she said that she was doing so because it would draw attention to the drugs. In fact, the trial court agreed to in discussing the pattern instructions. Then, the court specifically said it would not give a limiting instruction, stating, I'm not going to limit it. This statement is his statement. This shows that despite counsel's best efforts, the error was on the court and the prosecution, and counsel was doing the best that she could to limit the prejudicial impact of this statement on the jury. Moving on to the third issue, which cannot be divorced from either of the issues. What's significant here is that the prosecutor capitalized on this prejudicial evidence in closing. By the end of trial, the state was arguing that Payne was a drug addict who violently stole the car at gunpoint in order to more easily purchase drugs. Not only was this argument not based on any facts and evidence, but it was also highly prejudicial and completely irrelevant to the only issue at trial. A fact that the state agrees on was the only issue at trial, whether Payne knew the car was stolen. Significantly, this emphasis on drugs in the closing argument came before defense counsel even began their closing argument. So it was not wholly a response to defense counsel's argument, but it was the state's planned theory of the case to focus on this purchase of illicit drugs and to paint Payne as a criminal who was stealing a car so that he could more easily purchase drugs. If there are no further questions, I... How about the admonishment of the lawyer in front of the jury? Are you referring to issue two? Yes, I think it's extremely prejudicial, particularly in this case, that the court, standing in a position of authority, informed the jury that the officer had testified at a preliminary hearing and to expect that if there were inconsistencies, those would be brought out. Because this was the court stating this to the jury, the court being in the highest position of authority in that courtroom, this was extremely prejudicial. Moreover, when counsel raised this in the motion for new trial and it was discussed in the motion for new trial, it was not refuted. The court acknowledged that it stood up at points during trial. And while it said it did not recall raising its voice, there's also... The record also shows that it misremembered other portions of the testimony. It also believed that it had told the jury that it stood up at various times through a trial. That never happened in this case. Moreover, the defense counsel's description of how this happened was not refuted by the state at the hearing on the motion for new trial either. The prosecutor had the opportunity at that point to say to the court, I was present. You did not yell. You did not stand up. And instead made no comment to that, which shows that this was not simply a... That defense counsel's depiction of the court's conduct was accurate. Now, in arguing this case, you're giving it to us as issue one, two, and three. How about the cumulative effect of all of these errors? That is the biggest part of this. None of these issues can really be divorced from each other. They all involve similar things because this was a credibility case, because this was an issue of Payne's testimony versus Officer Hayden's testimony. And all of these issues tie very tightly into each other. And that's why I think you have to look at this case from how all of them impact each other. Because it wasn't... It's not just a matter of this error and then this error and then this error. But it's each error leading into each other, building on each other, so that by the time trial was concluding, by the time the jury was hearing these arguments, it had become a trial on a wholly different issue than just the straightforward question of whether Jerry Payne knew the car he was driving, had been stolen, which was... But all of these things... But all of these errors been harmless error? I don't think any of them... I don't think any of them were harmless because, as argued, each in and of themselves is meritorious and prejudicial, each one of these separately. Just by itself, the introduction of the other crimes evidence is prejudicial because the jury is hearing this testimony that Payne was purchasing narcotics, and then... Which in and of itself is prejudicial. Then moving on to issue two, you have the court in a position of authority telling the jury that the witness whose testimony was part of the credibility contest had testified credibly at a prior proceeding. Then you get to closing... Which that in and of itself, again, is prejudicial enough to warrant a new trial. Then you get to the closing arguments, which were extremely prejudicial, not based in evidence, and just extremely prejudicial. Again, that in and of itself would warrant a new trial. But when you put all three of these issues together and you see the development of the trial from the beginning to the end, it's just systematically built on each other to deny Payne a fair trial. Any questions by Justice Lamkin? No, thank you. Any by Justice Reyes? No, thank you. Okay, let's hear from the state. Good morning, your honors. Again, my name is Assistant State's Attorney Zachary Slavins, and I represent the people of the state of Illinois. Defendant was arrested while driving a stolen car, and he later admitted to police that he knew the car was stolen. He was properly convicted for possession of a stolen motor vehicle, and this court should affirm his conviction for the following three reasons. First, the circuit court properly admitted the other act's evidence. Second, the prosecutor properly relied on that evidence in closing argument. And third, it was not plain error for the circuit court to admonish defense counsel. Turning to the first argument with respect to Justice Gordon's argument, this is absolutely harmless error. This is a case where a defendant was caught driving a stolen car. He made a statement where he admitted he knew it was stolen. And on appeal, defense does not even challenge the admission of that portion of the statement. The inculpatory statement is coming in one way or another in this case. It's only a matter of how much of that statement comes in. Well, let me ask you this. You will admit that these three issues, that this is error, but your argument is that it's harmless? No, your honor. We contend that this is not error, but even if it was, the strength of the case, the totality of the statement, this is not a case where even if there is error, it would be. I mean, you're arguing that to bring in this drug transaction, which appears to be irrelevant, that that's not error? No, your honor. It's not error because it's not irrelevant. It's well established in Illinois that other acts are admissible to establish certain other things than propensity. What other things did it establish? In this case, your honor, it goes to the credibility of defendant's confession and proving its truthfulness. Defendant's statement that he was driving his car for a friend, he dropped the friend off to his friend, bought drugs. That's there. If you took out the drugs, it's still there that he's driving it for a friend. If you just took out the drugs, that's all you need to do. Perhaps, your honor, but this is an evidentiary ruling. This is reviewed for abuse of discretion. And in the circuit court's discretion here, it decided that the totality of the statement was admissible. It all provides some context. Perhaps some of it is less relevant than others. Well, how about the admonishment? How about the admonishment of the lawyer in front of the jury? Is that what judges should do? Trial judges should admonish lawyers in front of the jury so juries can hear that the judge is on the side of the state? Your honor, the circuit court should not ever say it's on the side of the state or the side of the defense. But that's also not what happened in this case. Okay, well tell me what happened. Yes, your honor. It's important to view this whole sequence in context. Defense counsel had asked a number of questions in a row that kind of created the impression that Officer Hayden was changing her testimony, was fabricating it, or had previously said something else. And that sort of impeachment by implication is well established to be improper. If you're going to impeach someone, that's fine. Could that have been done on a sidebar outside the presence of the jury? Perhaps this could have been handled at a sidebar, but this was a situation where the circuit court was sustaining objections, defense counsel was ignoring them. So the circuit court interjected, said, I've sustained an objection. Here's why I sustained it. If you want to do this, here's what you need to do. And that's within circuit court's inherent authority to control the proceedings that are occurring before it. Throughout trials, dozens of objections are sustained, dozens of conversations occurred. That's why juries are instructed they're not supposed to pay attention to these exchanges between the court and the juries. So this is a circumstance where there's an improper line of questioning. The circuit court interjected after its rulings were ignored and told defense counsel why it was sustaining those objections and what should occur moving forward. OK, so you expect us to write a decision to say that a judge, a trial judge can rightfully admonish a lawyer in front of a jury? This is what should be done? Is that what you're arguing? We're arguing that in this circumstance, this was not something improper. This never informed the jury that the witness had testified previously consistently. It simply instructed defense counsel that I'm sustaining your objection for a particular reason. If you want to keep asking these questions, there's a particular way that you need to proceed with this. And maybe that could have been handled at a sidebar that perhaps would have been more prudent. But this does not rise to reversible error, nevertheless, plain error, because this issue was not preserved. And that also turns to the second aspect in that there's no prejudice on the plain error argument here because this was not a closely balanced case. And under SEBI, this looks to whether or not there were two equally plausible narratives. And that's not the case here. The people's evidence is that and most of it is largely undisputed, is that defendant was caught driving a stolen car. And then two officers established that he spoke with them and admitted that he knew it was stolen. And in contrast to that, defendant's narrative has a rotating cast of characters. It's kind of attenuated, shifting. It's specifically rebutted in a couple of key respects by the people's witnesses. Officer Guerrero testified that he had no conversation with defendant and that certain landmarks defendant referred to simply did not exist in that area. So this isn't a case where there's two narratives largely agreeing on the facts, just different explanations. This is not like SEBI. This is a very different case where the people's evidence is compelling and overwhelming and defendant's narrative is implausible on its face. And as with respect to the second prong plain error, it's not second prong plain error either because this exchange did not deny defendant a fair trial. He was convicted because, again, he was caught driving a stolen car and then admitted he knew it was stolen. And this exchange between the lawyers is not something that completely deprived him of his constitutional right to a fair trial. And though the categories of recognized structural error are not exclusive, they are instructive. And the fact that it does not fit into any of those errors simply illustrates that this isn't within the scope of second prong plain error. To turn to the closing argument aspect issue three, again, it was not improper to admit this other act's evidence. Even if reasonable minds can disagree about the admissibility, it was not an abuse of discretion to do so. And because it was admitted, it was not an error for the prosecutor to rely on that evidence in closing argument. Prosecutors have wide discretion to argue evidence, inferences, and the credibility of witnesses. And that is what happened here. Most of the comments that defendant raises are arguments about how the other act's evidence relates to the total credibility of the statement. In that he was in this neighborhood, dropped off a friend to buy drugs. He was observed driving around in circles. That's what he said he was doing. And that matched what Officer Hayden observed. And from that, the jury can infer that if part of the statement is true, the rest of it is also true. And that's not an improper line of argument. The two significant comments that counsel's brief draws attention to, they were pursuing proper lines of argument, even if they employed some outsized rhetoric. But in both these cases, the circuit court sustained the objection. The jury was instructed to disregard things that objections have been sustained to. And that cures the prejudice in this case. The circuit court sustained objection when the prosecutor was arguing that defendant didn't know the circumstances of theft and did not want to be responsible for it. And the prosecutor was trying to give an explanation for why someone would volunteer this information that he knew he was driving a stolen car. And even if the rhetoric employed was outsized, the line of argument was not improper there. And the prejudice, again, was cured when the court sustained an objection. It's similar later on when the prosecutor was speaking in the abstract that, you know, stolen vehicles, property crimes, they have victims, too. And that's the person who's deprived of the use of the car. And, again, even though the prosecutor used some outsized rhetoric there with the reference, you know, to easier to get to your crack dealer, defense counsel objected. The objection was sustained. And that is generally held throughout Illinois as sufficient to cure the prejudice from remarks like that. And defendant argues that, you know, the instructions sustaining the objections, these ordinary things that Illinois courts hold are sufficient to cure the prejudice. Defendant argues it wasn't sufficient here. It doesn't really explain why these two comments, these two objections, these proper instructions were not sufficient to cure the prejudice from that. At the end of the day, even here, it comes back to, you know, why was defendant convicted? It wasn't because of these comments during closing arguments, these two references that the court sustained objections to. Defendant was convicted on the strength of the evidence. And the court can confidently say it was not these comments in closing argument that tipped the balance. And with respect to defendant's argument in the brief that there was prejudice because the argument attacked defendant's credibility, defendant's credibility was an issue in the trial. He testified. Defendant frames this as a credibility contest. So it's not improper or especially prejudicial for the prosecutor to argue something that is, in fact, at issue. If there are no other questions, Your Honor. Let's see if there are any questions. I have none, thank you. No questions. I have none. Let's hear the rebuttal. I just have a couple of brief points to make, Your Honors. First of all, with respect to the first issue, or the second issue involving the judge's admonishment of defense counsel, as the state acknowledged in their argument, it would have been more prudent to handle this in a sidebar out of the presence of the jury. This is true particularly because the court knew that it frequently stood up during trial and was in a position of authority over everyone in the courtroom. But I think that it's important to note that judges should be expected and held to taking the more prudent action. And in this case, the judge, the court did not take the more prudent action. And I think that it should be held to that higher standard because it's standing in a position of authority. Moving on to the error, the prejudice in this case, the state argues that the evidence here was not closely balanced because arguing that there was significant evidence contradicting Payne's statement. However, what can't be ignored here is that the jury, after hearing the closing arguments, which repeatedly brought up Hayden's testimony that Payne was involved in a narcotics purchase, the jury asked to see Hayden's testimony, not Payne's. The jury was clearly considering the evidence that had been presented in front of it, considering the arguments that it had just heard, and then specifically requested to see Hayden's testimony. This shows that it did not, the jury did not consider the Payne's statement, Payne's testimony so wholly incredible as the state is attempting to portray it. And finally, regarding whether the prejudice was cured by the sustained objections in closing arguments, as pointed out in my brief, Illinois courts have made clear that you need something more than simply a sustained objection. You need a sustained objection, you need a contemporaneous instruction, and you need the pattern instruction given to the jury to cure the error. And particularly where the error was as significant as it was here, this was not a single isolated comment, this was a pattern and a focus throughout their closing argument presented. It was not something that could simply be cured by a sustained objection without explanation to the jury. If there are no further questions, we respectfully request this court to grant the relief requested and pay a new trial. Justice Lampkin, do you have any questions? I have no questions. I'd like the judges to stay on the line. After we conclude, I'd like to talk to them, please. Okay. And Justice Reyes, do you have any questions? No, I have no questions. Okay. All right. Well, you know, you gave us a very interesting case and the arguments were interesting, and we will give you an order or an opinion very shortly. But the court will be adjourned at this point in time, although the judges will remain on the line. Thank you very much.